| | |
|---|---|
| **BATHAEE DUNNE LLP**<br>Yavar Bathaee (CA 282388)<br>yavar@bathaeedunne.com<br>Andrew C. Wolinsky (CA 345965))<br>awolinsky@bathaeedunne.com<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel.: (332) 322-8835<br><br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (*p.h.v.*)<br>egrauman@bathaeedunne.com<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel.: (213) 462-2772<br><br>*Attorneys for Plaintiffs and the Proposed Class* | **GIBSON, DUNN & CRUTCHER LLP**<br>Cynthia E. Richman (*p.h.v.*)<br>CRichman@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>Daniel G. Swanson (CA 116556)<br>DSwanson@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Julian W. Kleinbrodt (CA 302085)<br>JKleinbrodt@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>*Attorneys for Apple Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUISA BAKAY, ELISA JONES, and LETICIA SHAW, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 3:24-cv-00476-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Richard Seeborg<br><br>Hearing Date: June 13, 2024<br><br>Time: 10:00 a.m.<br><br>Courtroom 3, 17th Floor |

Pursuant to Federal Rules of Civil Procedure 16 and 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Court's Supplemental Standing Order re: Initial Case Management Conferences, and the Court's order of February 7, 2024 (ECF No. 19), counsel for Plaintiffs Luisa Bakay, Elisa Jones, and Leticia Shaw and counsel for Defendant Apple Inc. have met and conferred on certain issues and respectfully submit this Joint Case Management Statement in advance of the initial case management conference on June 13, 2024, at 10:00 a.m.[1]

## 1. Jurisdiction and Service

The parties agree that venue is appropriate in this District under 15 U.S.C. §§ 15(a) (Clayton Act) and 22 (nationwide venue for antitrust matters), and 28 U.S.C. § 1391(b) (general venue provision). Apple transacts business within this District and participates in interstate trade and commerce in this District.

That parties agree that the Court has general personal jurisdiction over Apple because it is headquartered in California and Apple was properly served with the Complaint on November 20, 2023.

**Plaintiffs' Position:**

Plaintiffs allege that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1332(d) (class action diversity jurisdiction), and 1337(a) (antitrust); and under 15 U.S.C. § 15 (antitrust). Plaintiffs further allege that class action diversity jurisdiction arises because at least one member of the Proposed Class is of diverse citizenship from Apple, the Proposed Class consists of 100 or more members, and the aggregate claims of the members of the Proposed Class exceed $5 million, exclusive of interest and cost.

**Apple's Position:**

Apple disputes this Court's subject matter jurisdiction because Plaintiffs lack Article III standing, including for the reasons discussed in Apple's Motion to Dismiss.

---

[1] The hearing on Apple's Motion to Dismiss, ECF 22, is set for 1:00 p.m. on June 13, 2024.

## 2. **Facts**

**Plaintiffs' Statement**:

This is an antitrust case arising out of Defendant Apple's anticompetitive agreements with horizontal competitors in the United States Smartphone and Smartphone Operating System ("SOS") Markets, including SOS duopolist Google. For more than a decade, Apple (maker of iOS) and Google (maker of Android) have enjoyed a duopoly in the U.S. SOS Market, and Apple's iPhone has held a dominant position in the U.S. Smartphone Market.

Apple's market position—and its supracompetitive profits from the sale of iPhones, which are sold to consumers bundled with Apple's iOS operating system—has historically been protected by a powerful Mobile Ecosystem Barrier to Entry ("MEBE"), which arises from the critical mass of apps available for each dominant smartphone platform (iOS and Android). However, in the mid-2010s, technological developments in web application technology, including the development of so-called Progressive Web Apps, enabled the development of a cross-platform application ecosystem that could threaten the SOS duopoly and Apple's supracompetitive iPhone profits.

Apple moved against this threat to its iPhone business by entering into an anticompetitive agreement with fellow SOS duopolist Google to keep competing web engines—the underlying technology permitting cross-platform web apps—off of iPhone. Google, which has developed and widely deployed its own cross-platform browser engine (Blink, which underlies Chrome), expressly agreed to keep Blink—and any other non-Apple browser engine—off of iPhone, thereby strengthening the MEBE and preventing any possibility of a multiplatform web app threat for iPhones. Apple further entered into mirroring agreements with other actual and potential browser engine developers, including Mozilla (maker of Firefox and its Gecko browser engine) and Microsoft (maker of Edge), in which these counterparties agreed not to use any browser engine besides Apple's WebKit on iPhone, fortifying the MEBE and sealing off the threat of a cross-platform web application ecosystem in the United States smartphone market.

Plaintiffs are direct purchasers of iPhones, bundled with iOS, from Apple, who paid prices supracompetitively inflated by Apple's web of anticompetitive agreements and associated conduct.

They seek damages and appropriate injunctive relief, including an end Apple's anticompetitive agreements with its horizontal competitors.

**Apple's Statement:**

"The guiding principle of the App Store is simple—[Apple] want[s] to provide a safe experience for users to get apps and a great opportunity for all developers to be successful." RJN Ex. 1. To that end, Apple licenses its intellectual property to developers—including the technology and tools needed to develop native apps for iOS (Apple's proprietary mobile operating system) and distribute it on the App Store. Apple also develops and publishes App Store Review Guidelines, which clarify Apple's process and standards for evaluating iOS apps and set out the standards Apple has established to ensure a seamless user experience while also protecting consumers from security and privacy threats.

Internet browser apps are one category of apps available on the App Store. To maintain consumer privacy, security, and device performance, and to ensure app compatibility across iPhones and iOS devices, Apple's App Store Review Guidelines—specifically, Guideline 2.5.6—have long required developers to use Apple's open-source browser engine, WebKit, for browser apps developed for iOS.

Plaintiffs, purchasers of iPhones, posit that—through an implausible chain of causation including no less than eight steps and numerous independent third parties—Apple's unilateral WebKit requirement resulted in inflated iPhone prices. *See* Mot. 8–9. They claim that Apple violated Section 1 of the Sherman Act by entering into unspecified "agreements" with Google and other browser app developers, and conspired with Google to share a duopoly of the alleged U.S. smartphone and smartphone operating system markets in violation of Section 2.

Plaintiffs' claims fail as a matter of law for at least the reasons in Apple's Motion to Dismiss (ECF No. 22). Plaintiffs' allegations are also meritless. Today, the App Store features apps from thousands of developers, including dozens of third-party browser applications, from which consumers can select their default browser. Apple's prices are not artificially inflated; they are competitive in light of the fierce competition Apple faces from its competitors. And Apple has not conspired with Google or other web browser developers to strengthen barriers to entry in the alleged

smartphone or smartphone operating system markets, including by limiting access to so-called web apps on iOS.

### 3. Legal Issues

**Plaintiffs' Position:**

- Whether Apple's anticompetitive agreements with Google and other browser engine and browser developers violated and violate Section 1 of the Sherman Act.
- Whether Apple and Google have divided the SOS Market, in violation of Section 1 of the Sherman Act.
- Whether Apple and Google have conspired to monopolize the SOS Market in violation of Section 2 of the Sherman Act.
- Whether Apple's agreements with Google and other browser engine makers results in harm to competition in the Smartphone and SOS Markets that is outweighed by any procompetitive benefits.
- Whether Apple's agreement with Google is *per se* unlawful, or in the alternative whether it violates the rule of reason because the agreement lacks pro-competitive benefits or the anticompetitive effects of the agreement outweigh its pro-competitive benefits.
- Whether Apple's agreement with Google and other browser engine and browser developers violates the rule of reason.
- Whether the members of the Class are entitled to injunctive relief.
- Whether Apple has unlawfully and anticompetitively reinforced and strengthened barriers to entry surrounding the Smartphone and SOS Markets.

**Apple's Position:**

Apple denies that it violated any laws. Apple filed a Motion to Dismiss the Complaint (ECF No. 22) on the grounds that Plaintiffs lack antitrust and Article III standing, fail to state a claim under Sections 1 or 2 of the Sherman Act, and bring claims outside the statute of limitations period. In addition, legal issues in this case include at least:

1. Whether Plaintiffs have Article III and antitrust standing;

2. Whether Plaintiffs suffered antitrust injury;

3. Whether Plaintiffs have properly defined the relevant markets;

4. Whether Apple engaged in concerted action;

5. Whether the conduct alleged by Plaintiffs is *per se* unlawful or judged under the rule of reason;

6. Whether Apple has monopoly power over smartphones or smartphone operating systems;

7. Whether Apple engaged in anticompetitive conduct with anticompetitive effects in the alleged relevant markets;

8. Whether Apple conspired to monopolize;

9. Whether Apple's alleged conduct was supported by legitimate justifications;

10. Whether Plaintiffs' theory of causation is legally cognizable;

11. Whether Plaintiffs' putative class meets the requirements of Fed. R. Civ. P. 23;

12. Whether Plaintiffs suffered any damages;

13. Whether Plaintiffs are entitled to any injunctive relief.

**4.   Motions**

***Motions for Leave to Appear Pro Hac Vice.*** The parties have moved and anticipate moving for certain counsel to appear pro hac vice. No such motions are currently pending.

***Motion to Dismiss.*** On March 14, 2024, Apple filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. Plaintiffs filed their opposition on April 30, 2024, ECF No. 24, and Apple replied on May 20, 2024, ECF No. 25. The hearing on the motion to dismiss is currently set for June 13, 2024. ECF No. 22.

***Motion for Class Certification.*** Plaintiffs anticipate filing a motion for class certification. Apple anticipates that it will oppose this motion.

***Motion for Summary Judgment.*** Apple anticipates moving for summary judgment.

### 5. Amendment of Pleadings

**Plaintiffs' Position**:

Plaintiffs do not presently expect to add or dismiss any parties or claims but reserve their right to revisit this determination on any available basis and as new facts are learned, including through discovery. As set out in their proposed schedule below, Plaintiffs' proposed deadline for amending the pleadings or joining other parties is August 8, 2024.

**Apple's Position:**

The deadline for Plaintiffs to amend their pleadings as of right has passed, and Plaintiffs elected to defend their current complaint rather than to amend it. *See* Fed. R. Civ. P. 15(a)(1). Moreover, amendment would be futile here. Plaintiffs' entire case is based on a wending and speculative theory of harm in which they attempt to characterize a provision in Apple's App Review Guidelines as unlawful and to causally link that provision to allegedly inflated iPhone prices. Compl. ¶ 471. As set forth above and in Apple's pending motion to dismiss, Plaintiffs lack Article III and antirust standing, fail to plead a Section 1 or Section 2 claim, and bring only untimely claims. *See* Mot. 6–16, 16–22, 22–23, 23–25.

### 6. Evidence Preservation

The parties certify that they have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information, as well as the Northern District of California's Checklist for ESI Meet and Confer, are aware of their obligations, and have taken reasonable and proportionate steps to preserve potentially relevant evidence. The parties confirm that they have met and conferred concerning these obligations.

**Plaintiffs' Position**:

Plaintiffs propose an evidence preservation period beginning January 1, 2013 and continuing to the present, plus anything otherwise preserved from beforehand.

**Apple's Position:**

Apple is willing to meet and confer further regarding evidence preservation periods, to the extent formally establishing such a period is necessary in the context of this case.

**7.    Disclosures**

**Plaintiffs' Position**:

Initial disclosures are due June 6, 2024, the same date as this Joint Case Management Statement. Plaintiffs anticipate exchanging initial disclosures by that time.

**Apple's Position**:

During the Rule 26(f) conference on May 23, 2024, Apple objected to initial disclosures and reiterates that objection here. *See* Fed. R. Civ. P. 26(a)(1)(C). Initial disclosures would be premature in light of Apple's pending Motion to Dismiss. To the extent the Court orders Apple to serve initial disclosures, the deadline for Apple to do so should be 14 days after Apple files its Answer, as set forth in Apple's proposed schedule below.

**8.    Discovery**

No discovery has occurred to date. The parties will confer regarding a Protective Order and Order Regarding Electronically Stored Information, and will endeavor to make joint proposals to the Court. There is currently a dispute over whether discovery should be stayed.

**Plaintiffs' Position:**

*Stay of Discovery***:** The Federal Rules do not provide for an automatic stay of discovery due to the pendency of a dispositive motion. Plaintiffs have not yet served any discovery, but anticipate seeking discovery in the form of depositions, interrogatories, requests for admission, and document requests (including potential discovery from third parties). Apple's argument that discovery should be stayed belongs in a motion—and Apple has not filed one. If, upon receiving discovery requests (if any) during the pendency of its motion to dismiss, Apple believes these requests are unduly burdensome or otherwise not legally proper, that would be the appropriate time for Apple to move for a protective order, such that the Court can evaluate the parties' actual conduct, requests, and positions rather than an abstract dispute before discovery has even been served.

***Proposed Limitations or Modifications of the Discovery Rules*:** Plaintiffs propose a presumptive limit of 50 interrogatories per side. Plaintiffs propose a presumptive limit of 300 hours of party depositions per side. Plaintiffs designate their e-discovery liaison as Andrew Wolinsky.

**Apple's Position:**

***Discovery Should be Stayed***: "District courts have broad discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss under Rule 12(b)(6)." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, *2 (N.D. Cal. July 24, 2007) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). "[A]s the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming[,] and expensive." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, *4 (N.D. Cal. Apr. 10, 2020) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  In such cases, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Courts in this District consider two factors: (1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019); *see also, e.g.*, *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (same).  Both elements are easily satisfied here.

First, Apple's Motion seeks dismissal of the entire Complaint on multiple grounds—including lack of Article III and antitrust standing, failure to state a Section 1 or 2 claim, and failure to bring a timely claim—and therefore has "the potential to be dispositive." *Cellwitch*, 2019 WL 5394848, at *2; *see also, e.g.*, *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 448 (9th Cir. 2021) (affirming dismissal based on lack of standing); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (affirming dismissal based on failure to allege elements of antitrust claim); *SaurikIT, LLC v. Apple Inc.*, 2023 WL 8946200, *1 (9th Cir. Dec. 28, 2023) (affirming dismissal based on statute of limitations).

Second, no discovery is required to resolve the dispositive legal issues in Apple's motion, each of which arises from defects within the four corners of Plaintiffs' Complaint.  *See Micron Tech. v. United Microelectronics Corp.*, 2018 WL 7288018, *2 (N.D. Cal. Mar. 16, 2018) (staying discovery where the court could decide the motion to dismiss without discovery); *In Re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, *2 (N.D. Cal. Aug. 18, 2017) (similar).

Moreover, staying discovery is particularly appropriate here. "The purpose of [Rule 12(b)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman*, 829 F.2d at 738. Resolving Rule 12 motions prior to opening discovery "especially makes sense [in antitrust cases] because the costs of discovery in [such] actions are prohibitive." *Id.* This reasoning applies with great force here, where Plaintiffs bring a sweeping nationwide antitrust class action, purporting to represent all United States purchasers of any model of iPhone from Apple from January 25, 2020 to the present, Compl. ¶ 427, on the basis of alleged conduct that dates back over a decade. *See id.* ¶ 140 (alleging that "WebKit has been the cornerstone of Apple's iPhone devices" since at least 2014).

Further, any delay would be *de minimis*. Apple's Motion to Dismiss is fully briefed, and oral argument is set for June 13, 2024, the same day as the Initial Case Management Conference. *See* ECF No. 19. If the Court denies Apple's motion in whole or in part, a stay of discovery would last only for the duration of the Court's deliberation on Apple's motion. Courts have granted stays even in cases requiring far longer delays. *See, e.g.*, *In re Nexus*, 2017 WL 3581188, *2 ("To put this limited stay in context, discovery will be stayed for approximately three months until the hearing on Google and Huawei's motions to dismiss. . . . Therefore, this limited stay of discovery does not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.").

Apple did not file a standalone motion to stay discovery to avoid unnecessary motion practice. Plaintiffs did not express an intent to push forward with discovery, much less serve any, prior to the Rule 26(f) conference on May 23, 2024. Apple's approach is consistent with other cases. *See Hewlett-Packard Co. v. Ace Property & Casualty Ins. Co.*, No. 07-CV-4676-JW (RS), ECF No. 41 (staying discovery pending resolution of a motion to dismiss notwithstanding no formal motion for a stay being filed); *Hewlett-Packard Co. v. Ace Property & Casualty Ins. Co.*, No. 07-CV-4676-JW (RS), 2008 WL 4104209, *2 (N.D. Cal. Sept. 4, 2008) (similar); *Deslandes v. McDonald's USA, LLC et al*, No. 17-cv-04857, ECF No. 31 (N.D. Ill. Aug. 30, 2017) (similar). If the Court prefers to resolve the issue on a noticed motion, Apple will promptly file one.

*Limitations or Modifications of the Discovery Rules*: In light of the pending Motion to Dismiss, which may significantly alter the scope of the case, it is premature to commit to deviations from the Federal Rules' default discovery limitations. That notwithstanding, Apple proposes excluding expert depositions from the default limit of 10 depositions, and designates its e-discovery liaison as Dana Lynn Craig.

### 9. Class Action

This case is a putative class action. Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Position:**

Plaintiffs propose that one or more classes be certified pursuant to Federal Rule of Civil Procedure 23(b)(2), (b)(3), and/or (c)(4) and to file a motion for class certification on April 11, 2025, as set forth in Plaintiffs' proposed schedule. The proposed class includes all United States persons, including business associations, entities, or corporations, who purchased any model iPhone from Apple from January 25, 2020 to the present, inclusive (the "Class Period"), as defined in the CAC. The proposed class includes all United States persons, including business associations, entities, or corporations, who purchased any model iPhone from Apple from January 25, 2020 to the present, inclusive (the "Class Period"), as defined in the Class Action Complaint. This class satisfies the numerosity, commonality, typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a), as well as the superiority, commonality, and predominancy requirements of Federal Rule of Civil Procedure 23(b).

**Apple's Position:**

Plaintiffs cannot satisfy the requirements set forth in Fed. R. Civ. P. 23, and Apple anticipates opposing any motion for class certification.

### 10. Related Cases

None.

### 11. Relief

**Plaintiffs' Position**:

Plaintiffs seek damages to the maximum extent authorized by law. Plaintiffs also seek injunctive relief, as well as attorneys' fees and costs.

**Apple's Position**:

As noted above, Apple disputes that Plaintiffs are entitled to any relief and reserves all of its defenses to liability, damages, and as to claims for injunctive relief.

### 12. Settlement and ADR

No settlement discussions have taken place. In compliance with ADR L.R. 3-5, the parties discussed ADR at their May 23, 2024 meet-and-confer.

**Plaintiffs' Position**:

At this time, Plaintiffs are open to participating in private mediation or an early settlement conference conducted by a Magistrate Judge under ADR L.R. 7.

**Apple's Position**:

Apple believes that any settlement discussions are premature at least until its Motion to Dismiss (ECF No. 22) is resolved and class certification discovery has taken place.

### 13. Consent to Magistrate Judge for All Purposes

All parties have not consented to have a magistrate judge conduct all further proceedings.

### 14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

### 16. Expedited Trial Schedule

The parties do not consent to the Expedited Trial Procedure of General Order No. 64.

### 17. Scheduling

The parties disagree about whether a Scheduling Order should be entered at this time.

**Plaintiffs' Position:**

To avoid undue delay, Plaintiffs respectfully request that the Court enter a pretrial schedule at this time. Plaintiffs propose the following schedule:

| Event | Date |
|---|---|
| Initial Disclosures | June 6, 2024 |
| Initial Case Management Conference | June 13, 2024 |
| Last Day to Amend Pleadings/Join Other Parties | August 9, 2024 |
| Deadline for Plaintiffs' class certification motion and supporting expert disclosures | April 11, 2025 |
| Deadline to exchange expert backup materials for class certification motion | 2 days after class certification motion is filed |
| Deadline for Defendant's class certification opposition and supporting expert disclosures | June 6, 2025 |
| Deadline to exchange expert backup materials for class certification opposition | 2 days after class certification opposition is filed |
| Deadline for Plaintiffs' class certification reply | July 11, 2025 |
| Close of Fact Discovery | August 1, 2025 |
| Deadline for first ADR session | December 5, 2025 |
| Hearing on motion for class certification | To be set |
| Deadline for Parties to serve expert reports under Rule 26(a)(2) on issues where that party bears the initial burden of proof | January 9, 2026 |
| Deadline for Parties to serve rebuttal expert reports under Rule 26(a)(2) | March 6, 2026 |
| Close of expert discovery | April 3, 2026 |
| Deadline to file dispositives and Daubert motions | May 1, 2026 |
| Deadline to file oppositions to dispositive and Daubert motions | July 10, 2026 |
| Deadline to file replies in support of dispositive and Daubert motions | August 7, 2026 |
| Hearing on dispositive and Daubert motions | To be set |
| Final Pretrial Conference | To be set |
| Trial | To be set |

**Apple's Position:**

Apple proposes the following schedule:

| Event | Proposed Timeline |
|---|---|
| Initial Case Management Conference | June 13, 2024 |

| | |
|---|---|
| Deadline to Amend Pleadings/Join Other Parties | N/A[2] |
| Answer | 28 days after the Court's decision on Apple's Motion to Dismiss |
| Initial Disclosures | 14 days after Apple's Answer is due |
| Deadline for Plaintiffs' Class Certification Motion and Expert Reports | Ten months after the start of discovery |
| Deadline for Defendant's Class Certification Opposition and Rebuttal Expert Reports | 90 days after Plaintiffs' class certification motion is due |
| Deadline for Plaintiffs' Class Certification Reply | 60 days after Defendant's Class Certification Opposition is due |
| Deadline for Both Parties to File any *Daubert* Motions | 30 days after Plaintiffs' Class Certification Reply is due |
| Hearing on Class Certification Motion | To be set by the Court |
| Close of Fact Discovery | Five months after the close of class certification briefing |
| Deadline for Parties to Serve Expert Reports Under Rule 26(a)(2) on Issues Where That Party Bears the Initial Burden of Proof | To be set following the Court's class certification decision |
| Deadline for Parties to Serve Rebuttal Expert Reports Under Rule 26(a)(2) | To be set following the Court's class certification decision |
| Close of Merits Expert Discovery | To be set following the Court's class certification decision |
| Deadline File Dispositive and *Daubert* Motions | To be set following the Court's class certification decision |
| Deadline to Oppositions to Dispositive and *Daubert* Motions | To be set following the Court's class certification decision |
| Deadline to File Replies in Support of Dispositive and *Daubert* Motions | To be set following the Court's class certification decision |
| Hearing on Dispositive and *Daubert* Motions | To be set following the Court's class certification decision |
| Final Pretrial Conference | 1-2 weeks before trial |
| Jury Trial | To be set following the Court's class certification decision |

### 18. Trial

Plaintiffs request a jury trial.

---

[2] The deadline for Plaintiffs to amend their pleadings as of right has passed. *See* Fed. R. Civ. P. 15(a)(1). Although Plaintiffs may seek leave to amend under the Federal Rules, any amendment with the Court's leave would be futile. *See supra* § 5, Apple's Position.

1     **Plaintiffs' Position:**

2     Plaintiffs currently estimate that a trial would take approximately four weeks.

3     **Apple's Position:**

4     It is premature to estimate the time required for any trial because the scope of the case—and therefore the length of a putative trial—may change significantly based on the Court's pretrial rulings, including on Apple's motion to dismiss, a motion for summary judgment, and/or a motion concerning class certification.

    **19.**    **Disclosure of Non-Party Interested Entities or Persons**

    All Plaintiffs have filed their certifications pursuant to Civil L.R. 3-15; other than the named parties, there are no non-party interested entities or persons to report.

    **20.**    **Professional Conduct**

    All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

    **21.**    **Other Matters**

    None.

Dated: June 6, 2024                                      Respectfully submitted,

                                                  By: */s/ Brian J. Dunne*
                                                       Brian J. Dunne

                                              **BATHAEE DUNNE LLP**

                                              Yavar Bathaee (CA 282388)
                                              yavar@bathaeedunne.com
                                              Andrew C. Wolinsky (CA 345965)
                                              awolinsky@bathaeedunne.com
                                              445 Park Avenue, 9th Floor
                                              New York, NY 10022
                                              Tel.: (332) 322-8835

                                              Brian J. Dunne (CA 275689)
                                              bdunne@bathaeedunne.com
                                              Edward M. Grauman (*p.h.v.*)
                                              egrauman@bathaeedunne.com
                                              901 South MoPac Expressway
                                              Barton Oaks Plaza I, Suite 300

Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson Cross (CA 328596)
across@bathaeedunne.com
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Tel: (213) 458-7075

*Attorneys for Plaintiffs and the Proposed Class*


By:  */s/* Cynthia E. Richman
     Cynthia E. Richman


**GIBSON, DUNN & CRUTCHER LLP**

Cynthia E. Richman (pro hac vice)
CRichman@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Daniel G. Swanson (CA 116556)
DSwanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Julian W. Kleinbrodt (CA 302085)
JKleinbrodt@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple, Inc.*

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated: June 6, 2024                    By:   */s/ Brian J. Dunne*
                                              Brian J. Dunne