**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUISA BAKAY; ELISA JONES; LETICIA SHAW, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> APPLE INC., <br><br> Defendant - Appellee. | No. 24-5314 <br><br> D.C. No. 3:24-cv-00476-RS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted October 23, 2025**
San Francisco, California

Before: MURGUIA, Chief Judge, and OWENS and BUMATAY, Circuit Judges.

Plaintiffs are individuals who purchased at least one iPhone from Apple. Plaintiffs now bring claims against Defendant Apple Inc. under the Sherman Act, 15 U.S.C. §§ 1, 2. Plaintiffs seek injunctive relief and damages based on inflated prices

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in the smartphone and smartphone operating system markets as a result of an unlawful restraint of trade in both markets and a conspiracy to monopolize the smartphone operating system market. The district court dismissed the complaint for lack of Article III standing as to the injunctive relief sought and for lack of antitrust standing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order dismissing the complaint de novo. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) (citation omitted). "Review is limited to the contents of the complaint . . . [and a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We may affirm on any ground supported by the record. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

1. We affirm the district court's conclusion that Plaintiffs have no Article III standing to seek injunctive relief. To establish Article III standing, a plaintiff must show, among other things, that "the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "To determine whether an injury is redressable, [courts] consider the relationship between the judicial relief requested and the injury suffered." *Murthy v. Missouri*, 603 U.S. 43, 73 (2024) (internal quotations and citation omitted). The Supreme Court is "'reluctant to endorse

standing theories that require guesswork as to how independent decisionmakers will exercise their judgment.'" *Id.* at 57 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013)).

Plaintiffs allege that, absent an injunction, Apple's App Review Guideline, Software Requirement, § 2.5.6 (the "WebKit Agreement"), which requires all apps that browse the web to use Apple's WebKit browser engine, will continue to harm competition in the smartphone and smartphone operating system markets. Plaintiffs further allege that the WebKit Agreement means that any web browser, even a third-party browser app, is at its core Apple's Safari web browser, and that Google would need to replace its WebKit-based Chrome browser with a Blink-based Chrome browser on Apple's iPhone to allow for cross-platform Progressive Web Apps, which is what would result in competitive markets. However, accepting Plaintiffs' allegations as true, Plaintiffs plead no facts to suggest that Google would be likely to make this change if an injunction were in place. Absent factual allegations that Google would be likely to deploy Blink on Apple's iPhones if the court were to grant injunctive relief, "any pleading directed at the likely actions of third parties . . . would almost necessarily be conclusory and speculative." *Levine v. Vilsack*, 587 F.3d 986, 997 (9th Cir. 2009). Further, the ultimate relief Plaintiffs seek—lower iPhone prices—depends also upon new market entrants overcoming the extensive barriers to entry in the smartphone operating system market that Plaintiffs detail in their

complaint. An injunction against Apple is unlikely to eliminate the mobile ecosystem barrier to entry and result in increased competition such that iPhone prices will decrease. *See Lujan*, 504 U.S. at 561 ("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotations and citations omitted).

Because Plaintiffs fail to allege that their injury of inflated prices would be redressed by an injunction, without requiring guesswork as to how independent decisionmakers will exercise their judgment, Plaintiffs do not establish Article III standing to seek injunctive relief.

2. We affirm the district court's finding that Plaintiffs lack antitrust standing to bring their Sherman Act Section 1 and Section 2 claims. Courts consider the following factors to determine whether a plaintiff satisfies "the more demanding standard for antitrust standing": (1) "whether [plaintiff's alleged injury] was the type the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages." *Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996) (citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 (1983)). "[T]he first factor—antitrust injury—is mandatory [to establish antitrust standing]." *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 456 (9th Cir. 2021) (citations omitted).

"[I]n assessing alleged antitrust injuries, courts must focus on anticompetitive effects 'in the market where competition is [allegedly] being restrained.'" *Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2020) (quoting *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1057 (9th Cir. 1999)). "Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury." *Id.* (internal quotations and citation omitted).

Plaintiffs' alleged injury as to all three claims is supracompetitive prices for the Apple iOS operating system, as part of their purchase of the Apple iPhone, and supracompetitive prices for the Apple iPhone. Accordingly, the alleged injury is in the smartphone and smartphone operating system markets. Plaintiffs' alleged restraint—Apple's enforcement of the WebKit Agreement and Apple's and Google's conspiracy to monopolize by not deploying any other web engine but WebKit on the iOS operating system—does not restrain trade in the smartphone and smartphone operating system markets, as Plaintiffs argue. Instead, Plaintiffs' factual allegations make clear that there is a distinct browser engine market that is impacted by the WebKit Agreement. "On Apple devices, the default web browser is Safari, and the web engine is called WebKit. On Google's Android operating system, the default web browser is Google Chrome, and the web engine is called Blink." Smartphone operating systems can be configured to restrict or permit the use of

various web engines. For example, "Apple does not permit any other web engine to run on its devices," whereas "Android devices are generally configured to permit distribution through Google's Play Store."

These allegations suggest that browser engines are not exclusively tied to smartphone operating systems, meaning they operate in a distinct market. Smartphone and operating system consumers can, on Google's Play Store, choose which browser and associated browsing engine to download and use. Thus, Plaintiffs' alleged injury is not in the same market as Plaintiffs' alleged restraint of trade. *See Am Ad Mgmt., Inc.*, 190 F.3d at 1057 ("Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury.").

Accordingly, Plaintiffs fail to allege antitrust injury, which is required to establish antitrust standing.

**AFFIRMED.**